IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tamara L. Kise,

    Plaintiff,

  v.                                Case No. 2:16-cv-396

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Tamara L. Kise brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. The administrative law judge ("ALJ") reviewed the evidence in the record and held two hearings. In a decision dated November 10, 2014, the ALJ found that plaintiff had severe impairments consisting of degenerative disk disease, hypertension, left knee pain with possible degenerative changes, obesity, bereavement disorder, generalized anxiety disorder, panic disorder, and bipolar disorder. PAGEID 55. After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform work with some physical limitations, and that she was "able to perform simple routine tasks in a low stress environment, which is defined in this case as requiring only occasional interaction with others and work with no strict production quotas or time pressures." PAGEID 59. Citing the testimony of the vocational expert, the ALJ concluded that there were jobs in the economy which plaintiff could perform, and that she was not disabled. PAGEID 66-67.

This matter is before the court for consideration of plaintiff's April 28, 2017, objections (Doc. 18) in response to the April 14, 2017, report and recommendation of the magistrate judge (Doc. 17), recommending that the decision of the Commissioner be affirmed. Plaintiff's objections concern the ALJ's consideration of evidence relevant to plaintiff's mental disabilities.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion

[and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. ALJ's Consideration of Dr. Donaldson's Report

Plaintiff noted below that the ALJ assigned great weight to the opinion of Dr. Scott L. Donaldson, Ph.D., who conducted a consultative evaluation of plaintiff on April 26, 2012. *See* PAGEID 63. Plaintiff argued that there were significant inconsistencies between Dr. Donaldson's report, Exhibit 6F, and the RFC which were not addressed by the ALJ. Plaintiff contended that because of this omission, the RFC was not supported by substantial evidence, and she argued that the case should be remanded to require the ALJ to explain how he reconciled these inconsistencies.

The magistrate judge correctly observed that the findings in Dr. Donaldson's report were not necessarily inconsistent with the RFC. As the magistrate judge noted, the ALJ's decision to give Dr. Donaldson's report great weight did not constitute a blanket acceptance of that report. The ALJ's decision indicates that she did not accept every finding made by Dr. Donaldson, most notably, the Global Assessment of Function ("GAF") score of 45. *See* Doc.

17, p. 10; PAGEID 64-65. Rather, the ALJ stated that the mental limitations in the RFC "*generally* accept and adopt the opinion of Dr. Donaldson." *See* PAGEID 63 (emphasis supplied).

This court is unaware of any authority which would require the language of the RFC to exactly mirror the language of the expert reports upon which the RFC is based. The fact that the wording of the RFC does not include the precise language in Dr. Donaldson's report does not mean that the two are inconsistent, and Dr. Donaldson's somewhat tentatively phrased conclusions do not clearly conflict with the RFC. For example, Dr. Donaldson stated that plaintiff's attention, concentration, persistence and pace in order to perform simple and multi-step tasks "*may be limited* by symptoms of anxiety, bipolar, bereavement and panic disorders" and that her "chronic pain and fatigue *are likely to* exacerbate attentional and concentration difficulties." PAGEID 512 (emphasis supplied). *See also* PAGEID 510 ("based on psychological components of chronic pain and fatigue, her ability to focus and sustain her attention *may be limited*")(emphasis supplied); PAGEID 512 (plaintiff's "ability to respond appropriately to work pressures in the work setting *may be limited*")(emphasis supplied). However, as the magistrate correctly noted, Dr. Donaldson did not opine that plaintiff could not carry out simple or multi-step tasks, nor did he suggest any workplace accommodations or restrictions which might reduce or eliminate the difficulties he identified. Doc. 17, p. 10. The RFC restrictions limiting plaintiff to "simple routine tasks in a low stress environment" and "work with no strict production quotas or time pressures" adequately addressed the impairments discussed in Dr. Donaldson's report. Dr. Donaldson also noted that plaintiff's

"ability to respond appropriately to supervisors and co-workers *may be limited.*" PAGEID 512 (Emphasis supplied). The restriction in the RFC which limits plaintiff to "only occasional interaction with others" accommodates this concern.

Plaintiff also argues that the impairments discussed in the May 21, 2012, and October 26, 2012, opinions of state agency consultants Mary K. Hall, Ph.D and Deryck Richardson, Ph.D. are inconsistent with Dr. Donaldson's report. *See* Exs. 1A and 5A. The ALJ, at PAGEID 63, accorded great weight to the opinions of the state agency consultants. The state agency consultants also reviewed Dr. Donaldson's report and assigned it great weight. *See* PAGEID 147, 179. Although they expressed their view of plaintiff's mental limitations in slightly different terms than those contained in Dr. Donaldson's report, those limitations were not inconsistent. *See,* e.g., PAGEID 149-150 (noting that plaintiff's mental conditions would likely limit her concentration, persistence and pace and be increased by work stress, that plaintiff should work in a static environment in a small group setting or by herself, and that her interaction with others not include conflict resolution); PAGEID 181 (plaintiff can perform 1- to 4-step tasks with no multi-tasking or rapid task completion).

Insofar as plaintiff argues that the ALJ's decision should have included a detailed discussion of all of the findings in Dr. Donaldson's report, the magistrate judge correctly concluded that the degree of specificity demanded by plaintiff is not required. Because Dr. Donaldson was a consultative examiner, the ALJ was not obligated to give "good reasons" for the weight assigned to his opinion. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482

5

F.3d 873, 876 (6th Cir. 2007). A formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004). The ALJ referred to, and obviously considered Dr. Donaldson's report at several points in her decision. *See* PAGEID 57-58, 60-61, 63-65.

The ALJ adequately explained the basis for the RFC determination, and no remand is required.

B. Evaluation of the Report of Nurse Peden

The record includes a check-box evaluation form dated July 31, 2013, concerning plaintiff's mental residual functional capacity, which was completed by Ann Peden, R.N., C.N.S., a nurse who also treated plaintiff at the Lower Lights Christian Health Center ("Lower Lights"). On this form, Nurse Peden indicated that the majority of plaintiff's mental impairments were in the extreme range. Plaintiff argued that in discussing this evaluation, the ALJ did not comply with SSR 06-3p, 2006 WL 2329939 at *1 (S.S.A. Aug. 9, 2006), which addresses an ALJ's consideration of "other source" evidence.

As a nurse practitioner, Nurse Peden's evaluation falls within the category of "other source" evidence. *Id.* at *2. The ALJ was not required to provide good reasons for the weight given to her opinion under §404.1527(d)(2). *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011). Rather, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of

6

the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-3p, 2006 WL 2329939 at *6. A formulaic recitation of the factors for weighing a nurse practitioner's opinion is not required. *See Starr v. Comm'r of Soc. Sec.*, NO. 2:12-cv-290, 2013 WL 653280 at *6 (S.D.Ohio Feb. 21, 2013).

The Commissioner conceded that the ALJ mistakenly noted that the medical records failed to document any prior treatment of plaintiff by Nurse Peden because plaintiff attended counseling sessions with Nurse Peden early as November, 2012. However, the magistrate judge concluded that, despite this error, the ALJ's discussion of Nurse Peden's opinion was sufficient to comply with SSR 06-3p. The magistrate judge observed that the ALJ correctly found that the treatment notes which preceded Nurse Peden's opinion did not support the extreme limitations she found, and that the ALJ's decision to reject those extreme limitations was supported by the evidence. Doc. 17, p. 12-14. This court agrees.

The ALJ noted that she considered the form provided by Nurse Peden, but that the treatment records from Lower Lights did not support such extreme limitations. PAGEID 63-64. The ALJ observed that the first report from plaintiff about hearing voices or having hallucinations did not occur until June, 2013, just a month before Nurse Peden's evaluation. PAGEID 61, 64. The ALJ stated that the form appeared to be based on plaintiff's subjective complaints, which the ALJ found to be not entirely credible. *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990)(ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal

7

observations, and the objective medical evidence contradict). The opinion was a check-box form to be completed for plaintiff's disability claim. *See Hernandez v. Comm'r of Soc. Sec.*, No. 15-1875, 2016 WL 1055828 at *4 (6th Cir. Mar. 17, 2016)(ALJ's erroneous consideration of check-box analysis was harmless error where the form was unaccompanied by any explanation and was "weak evidence at best"). The ALJ also stated that the notes of plaintiff's mental status examination on the day the form was completed did not support the limitations on the form; that the treatment records prior to that day and the day after the form was completed consistently reported that plaintiff was alert and oriented and demonstrated appropriate mood and affect; that plaintiff had undergone mental health treatment from 2008-2009 and was discharged when her treatment goals were met; and that plaintiff did not resume treatment until June, 2012, following the deaths of family members. PAGEID 60-61, 64. The ALJ did not ignore Nurse Peden's opinion, but rather gave it "some weight for the acknowledgment that the claimant would have some mental limitations." PAGEID 64.

The ALJ extensively discussed plaintiff's mental health records in other parts of her decision. The ALJ noted that plaintiff had mild restrictions in activities of daily living. At the time of the hearing, plaintiff had been homeless for a year and was living in her van or staying with friends, yet was able to drive, take care of matters such as laundry and personal hygiene, and spend time at the library reading. PAGEID 57. The ALJ concluded that plaintiff had moderate difficulties in social functioning, but was able to get along with store clerks and others

8

in the workplace, and was socially appropriate during emergency room visits for her panic attacks. PAGEID 57-58. The ALJ found that plaintiff had moderate difficulties with concentration, persistence, or pace, but was alert and oriented, with intact memory, was able to follow simple commands and instructions, and had no episodes of decompensation. PAGEID 58. Although plaintiff reported auditory and visual hallucinations, she was able to adequately react to them, and no more extreme measures of symptom control were discussed or recommended, nor did plaintiff require any crisis intervention. PAGEID 59-61. At Lower Lights, plaintiff was placed on a plan for medication management, and she reported receiving a benefit from psychotropic medications. PAGEID 61.

The magistrate judge correctly found that the ALJ's conclusion that the mental health records did not support the extreme limitations posited by Nurse Peden was supported by evidence in the record. The magistrate judge observed that the treatment notes

> do not themselves contain any indication of symptoms so extreme that, for example, Plaintiff could never deal with others in the work setting, could never maintain socially acceptable behavior, could never process information, could never maintain attention and concentration for even brief periods of time, could never be aware of hazards and take necessary precautions, and could never behave in an emotionally stable manner. None of that was apparent when she was evaluated by Dr. Donaldson. She consistently, as the ALJ noted, presented with an appropriate mood and affect. She responded positively to medication and found ways to cope with her issues with hearing voices and avoiding arguments with people. She was medication-compliant. Various notes showed that she was not exhibiting psychotic symptoms. A reasonable person could infer from this body of evidence that Ms. Peden's opinions were disproportionate to the behaviors reflected in the treatment notes.

Doc. 17, pp. 13-14. The magistrate judge also noted that the two

9

state agency consultants and Dr. Donaldson did not find these extreme limitations. Doc. 17, p. 14. The magistrate judge did not engage in an impermissible post-hoc analysis in addressing this claim of error. It is the function of the magistrate judge and this court to review the record to determine whether the Commissioner's decision is supported by substantial evidence. *Ealy*, 594 F.3d at 512. The magistrate judge properly examined the record evidence as a whole in deciding whether the weight assigned by the ALJ to Nurse Peden's opinion was supported by substantial evidence.

The ALJ sufficiently complied with SSR 06-3p, and this objection is not well taken.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act. The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 17). Plaintiff's objections (Doc. 18) are denied. The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment.

Date: May 16, 2017        s/James L. Graham
                          James L. Graham
                          United States District Judge